# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| GENE M. BLAND, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:06-CV-1181-M |
| | § | |
| NORMAN Y. MINETA, Secretary, | § | |
| Department of Transportation, | § | |
| Federal Aviation Administration, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ORDER

Before the Court is Plaintiff Gene M. Bland's Motion for Leave to Amend. Bland requests that the Court grant leave to amend his Original Complaint so that he may add allegations of constructive discharge. For the reasons set forth below, Bland's Motion is **DENIED**.

## I. BACKGROUND

This dispute arises from an action filed by Plaintiff Gene M. Bland against Defendant Norman Y. Mineta, Secretary of the Department of Transportation ("DOT"), asserting claims of age discrimination and retaliation. Bland filed his Original Complaint on July 3, 2006, seeking declaratory judgment, injunctive relief, liquidated damages, compensatory damages, punitive damages, and attorneys' fees. The Court entered its Scheduling Order on March 12, 2007, which required that amendment of pleadings be filed by April 30, 2007. On June 26, 2007, Bland filed his Motion for Leave to Amend seeking to assert facts going to the issue of constructive discharge. The proposed amendments allege that Bland suffered "unendurable working conditions" from December 30, 2005, until he was constructively discharged on November 25,

2006, his date of resignation.

## II. DISCUSSION

**A.     Legal Standard**

Rule 15(a) requires that leave to amend a pleading be "freely given when justice so requires." FED. R. CIV. P. 15(a).  However, when a court has entered a Scheduling Order and the deadline for amendments has expired, the court must first consider whether it should modify the Scheduling Order under Rule 16(b).  *S&W Enters., L.L.C. v. SouthTrust Bank of Ala.*, 315 F.3d 533, 535–36 (5th Cir. 2003); FED. R. CIV. P. 16(b).  Once the court concludes that the Scheduling Order should be modified, the court can then determine whether the motion for leave to amend should be granted under the standards of Rule 15(a).  *Id.*

Under Rule 16(b), the movant has the burden of showing good cause to modify the Scheduling Order.  *Id.*  To show good cause, the movant must demonstrate that despite his due diligence, the deadlines in the Scheduling Order could not reasonably have been met.  *Id.* at 535.  The Court shall consider four factors in making its determination: the explanation for the delay, the importance of the amendment, the potential prejudice of the amendment, and the ability to cure any prejudice with a continuance.  *Id.* at 536; *see also Hawthorne Land Co. v. Occidental Chem. Corp.,* 431 F.3d 221, 227 (5th Cir. 2005).

**B.     No Good Cause**

Neither party addressed the four factors used to determine whether Bland has shown good cause for modifying the Scheduling Order.  However, Bland argues under Rule 15(a) that filing after the deadline in the Scheduling Order does not constitute undue delay.  Bland states that on April 9, 2007, he received a letter from the DOT denying his claim, and that the letter was notice of his right to sue.  He argues that the proposed amendments to the Original Complaint are his

"attempt to pursue" that right. Yet, because of time needed to research whether an amendment was necessary to add the claim to the action, and his counsel's pressing matters and scheduling conflicts in other cases, he was unable to file those amendments within the allotted time for amending pleadings. Further, Bland argues that he did not file the Motion before the deadline because the notice of his right to sue allowed 90 days to file an action.

Bland had twenty-one days after receiving the DOT's letter to file his Motion for Leave before the deadline for seeking amendments under the Scheduling Order had passed. Still, he did not file his Motion for Leave to Amend until June 26, 2007, almost two months after the Scheduling Order deadline. The Court concludes that this two-month delay shows a lack of due diligence. Further, the Court finds that none of the explanations offered by Bland show good cause to modify the Scheduling Order. This is confirmed by his counsel's failure to elaborate upon the alleged pressing matters and conflicts that precluded his compliance with the Scheduling Order. Bland has not presented any evidence or made any arguments regarding the remaining three factors.

### III. CONCLUSION

Because the Court concludes that Bland failed to show due diligence in seeking to amend, and has not affirmatively shown good cause for modifying the Scheduling Order, the Court **DENIES** his Motion For Leave to Amend the Original Complaint.

**SO ORDERED**.

August 15, 2007.

_____
**BARBARA M.G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**